UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOSHUA KENNETH LEONARD,

                Petitioner,

   v.

KARIN ARNOLD,

                Respondent.

Case No. 3:25-cv-05325-TSZ-TLF

ORDER TO SHOW CAUSE

This matter comes before the Court on Joshua Kenneth Leonard's application to proceed in forma pauperis ("IFP") and proposed federal habeas corpus petition pursuant to 28 U.S.C. § 2241. Dkt. 1 (IFP motion), 1-1 (proposed federal habeas corpus petition). Petitioner is proceeding without representation. The petition has not been served on respondent.

It appears that the petition – on its face – is subject to dismissal. If the claims raised in this petition have not been exhausted in state court, the IFP motion is premature. The Court will provide petitioner the opportunity, by May 2, 22025, to show cause why the federal habeas corpus petition should not be dismissed.

## DISCUSSION

Petitioner is in custody at Stafford Creek Correction Center. Dkt. 1. As the basis for his custody, he states that he is serving a sentence imposed on April 18, 2023, after having been convicted in Grant County Superior Court Case No. 22-1-00393-013. Dkt.

ORDER TO SHOW CAUSE - 1

1-2 at 1. He attached a state court case summary record indicating he was convicted on March 1, 2023 of one count of Rape of a Child in the Second Degree, and one count of Communicate with a Minor for Immoral Purposes Previous Conviction or Electronic Communication. Dkt. 1-3, at 6. Petitioner raises one ground for review: he asserts a Sixth Amendment violation based on a "denial of counsel at a critical stage." *Id.* at 6.

Under Rule 4 of the Rules Governing Habeas Corpus Cases ("Section 2254 Rules"), the Court is required to perform a preliminary review of a habeas corpus petition. The Court should dismiss a habeas petition before the respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *Id*.

As an initial matter, petitioner filed this matter pursuant to 28 U.S.C. § 2241; yet petitioner is "in custody pursuant to the judgment of a state court," and therefore the relief petitioner seeks is not available under § 2241. 28 U.S.C. § 2254(a). If petitioner is in custody under a state court judgment, § 2254 is the only habeas remedy, regardless of the nature of the challenge. *White v. Lambert*, 370 F.3d 1002, 1009-10 (9th Cir. 2004) (holding § 2254 was a state prisoner's exclusive remedy when he sought to challenge his transfer from a state prison to a privately-run prison in another state); *Krause v. Stewart*, No. C19-1421-MJP, 2019 WL 6732015, at *2 (W.D. Wash. Sept. 13, 2019), report and recommendation adopted, No. C19-1421 MJP, 2019 WL 6728740 (W.D. Wash. Dec. 11, 2019).

Because petitioner is pro se, the Court will interpret the petition liberally and will screen his complaint pursuant to Habeas Corpus Rule 4, of the Rules Governing Section 2254 Cases in the United States District Courts.

ORDER TO SHOW CAUSE - 2

### A. Exhaustion

Petitioner states that "[t]his filing Constitutes Appeal." Dkt. 1-2 at 2. A state prisoner seeking habeas corpus relief in federal court must exhaust available state remedies prior to filing a petition in federal court. *See* 28 U.S.C. § 2254(b)(1). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Claims for relief that are unexhausted in state court are not cognizable in a federal habeas corpus petition. *James v. Borg*, 24 F.3d 20, 24 (9th Cir. 1994). A petitioner must have fully and fairly raised the same federal claim presented in the federal habeas corpus petition, at every level of the state courts' review. *Reutter v. Crandel*, 109 F.3d 575, 578 (9th Cir. 1997).

Petitioner states on page 2 of the proposed petition that he did not file an appeal from his state court conviction. Dkt. 1-2 at 2. Because it appears Petitioner did not exhaust his available state court remedies prior to filing the instant federal petition, even if petition had properly filed under 28 U.S.C. §2254, his petition would be subject to dismissal.

### CONCLUSION

Based on the foregoing discussion, the Court finds the claims raised in this petition appear to be unexhausted, and if they are unexhausted the Court should dismiss without prejudice. The Court orders petitioner to show cause in writing on or before May 22, 2025, why the petition should not be dismissed for failure to exhaust state remedies.

Accordingly, the Court instructs the Clerk to re-note the IFP application for May 22, 2025.

Dated this 1st day of May, 2025.

Theresa L. Fricke
United States Magistrate Judge

ORDER TO SHOW CAUSE - 4