UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOSHUA KENNETH LEONARD,

     Petitioner,

v.

KARIN ARNOLD,

     Respondent.

Case No. 3:25-cv-05325-TSZ-TLF

REPORT AND RECOMMENDATION

NOTED FOR JUNE 26, 2025

## BACKGROUND

The District Court has referred this action to United States Magistrate Judge Theresa L. Fricke. On May 28, 2024, petitioner filed a motion to proceed *in forma pauperis* (IFP) and a proposed habeas corpus petition under 28 U.S.C. § 2241. Dkts. 1, 1-1.

After screening the proposed habeas corpus petition, the Court ordered petitioner to show cause why the petition should not be dismissed for failure to exhaust state remedies. Dkt. 5. The Court ordered petitioner to show cause by May 22, 2025, why the petition should not be dismissed without prejudice. *Id.*

Petitioner has failed to respond to the Court's order to show cause or communicated with the Court.

REPORT AND RECOMMENDATION - 1

## DISCUSSION

i.  **Failure to Prosecute**

Federal Rule of Civil Procedure 41(b) provides that "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action." In *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629-31 (1962), the Supreme Court recognized that a federal district court has the inherent power to dismiss a case sua sponte for failure to prosecute, even though the language of Rule 41(b) of the Federal Rules of Civil Procedure appears to require a motion from a party. Moreover, in appropriate circumstances, the Court may dismiss a complaint for failure to prosecute even without notice or hearing. *See id.* at 633.

In determining whether petitioner's failure to prosecute warrants dismissal of the case, the Court must weigh the following five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the respondents; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *See Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988). "The first two of these factors favor the imposition of sanctions in most cases, while the fourth factor cuts against a default or dismissal sanction. Thus, the key factors are prejudice and availability of lesser sanctions." *Wanderer v. Johnson*, 910 F.2d 652, 656 (9th Cir. 1990).

Here, the first and second factors favor dismissal of the case. The third factor weighs against dismissal because the respondent has not been served in this case. The fourth factor, as always, weighs against dismissal. The fifth factor requires the Court to consider whether a less drastic alternative is available. The Court has already ordered

petitioner to show cause why this matter should not be dismissed. Petitioner has not responded to the Court's order. The Court finds that only one less drastic sanction is realistically available.

Rule 41(b) provides that a dismissal for failure to prosecute operates as an adjudication upon the merits "[u]nless the court in its order for dismissal otherwise specifies." In the instant case, the Court finds that a dismissal with prejudice would be unnecessarily harsh. The habeas petition and this action should therefore be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

### ii.    Failure to Exhaust

Additionally, petitioner's proposed habeas petition, and this action, should be dismissed without prejudice for failure to exhaust state remedies.

Under Rule 4 of the Rules Governing Habeas Corpus Cases ("Section 2254 Rules"), the Court is required to perform a preliminary review of a habeas corpus petition. The Court should dismiss a habeas petition before the respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *Id*.

Petitioner filed this petition under 28 U.S.C. § 2241; yet petitioner is "in custody pursuant to the judgment of a state court," and therefore the relief petitioner seeks is not available under § 2241. 28 U.S.C. § 2254(a). If petitioner is in custody under a state court judgment, § 2254 is the applicable habeas corpus remedy, regardless of the nature of the challenge. *White v. Lambert*, 370 F.3d 1002, 1009-10 (9th Cir. 2004) (holding § 2254 was a state prisoner's exclusive remedy when he sought to challenge his transfer from a state prison to a privately-run prison in another state).

Further, petitioner states that "[t]his filing Constitutes Appeal." Dkt. 1-2 at 2. A state prisoner seeking habeas corpus relief in federal court must exhaust available state remedies prior to filing a petition in federal court. See 28 U.S.C. § 2254(b)(1). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Claims for relief that are unexhausted in state court are not cognizable in a federal habeas corpus petition. *James v. Borg*, 24 F.3d 20, 24 (9th Cir. 1994). A petitioner must have fully and fairly raised the same federal claim presented in the federal habeas corpus petition, at every level of the state courts' review. *Reutter v. Crandel*, 109 F.3d 575, 578 (9th Cir. 1997).

Petitioner states on page two of the proposed petition that he did not file an appeal from his state court conviction. Dkt. 1-2 at 2. Because it appears petitioner did not exhaust his available state court remedies prior to filing the instant federal petition, even if the petition had been properly filed under 28 U.S.C. §2254, his habeas corpus petition is subject to dismissal.

Based on the foregoing discussion, the Court finds the claims raised in this petition appear to be unexhausted; therefore, the Court should dismiss petitioner's habeas petition without prejudice.

## CONCLUSION

Petitioner's IFP motion should be DENIED, and his proposed habeas petition under 28 U.S.C. §2254 should be DISMISSED without prejudice.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R.

Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set the matter for consideration on **June 26, 2025,** as noted in the caption.

Dated this 11th day of June, 2025.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge