UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOSHUA KENNETH LEONARD,

        Petitioner,

v.

KARIN ARNOLD,

        Respondent.

C25-5325 TSZ

ORDER

THIS MATTER comes before the Court on the Report and Recommendation ("R&R") of the Honorable Theresa L. Fricke, Chief United States Magistrate Judge, docket no. 6, and the objections to the R&R filed by petitioner Joshua Kenneth Leonard, docket no. 7.  Having reviewed the R&R, petitioner's objections, and the decisions of the Washington Court of Appeals and Department I of the Washington Supreme Court concerning petitioner's direct appeal, see State v. Leonard, 32 Wn. App. 2d 1051, 2024 WL 4440954 (2024), review denied, 4 Wn.3d 1011, 564 P.3d 549 (2025), the Court enters the following order.

**Discussion**

Petitioner was convicted of attempted rape of a child in the second degree and communicating with a minor for immoral purposes.  See 2024 WL 4440954, at *1.  He was arrested after arriving at a location suggested by undercover law enforcement personnel posing as an underage girl on a website known as Skout.  Id.  Petitioner is

ORDER - 1

1  serving a sentence of 96 months to life at the Stafford Creek Corrections Center in

2  Aberdeen, Washington.  See id. at *4; see also Prop. Pet. for Writ of Habeas Corpus

3  (docket no. 1-2).

4  On direct appeal, the State of Washington conceded that the trial court erroneously

5  imposed a crime victim penalty assessment, a DNA collection fee, and a community

6  custody condition restricting "romantic" relationships.  2024 WL 4440954, at *1 & *4.

7  Petitioner raised four other grounds pro se, all of which were rejected by the Washington

8  Court of Appeals, see id. at *5–9, and none of which are repeated in his federal habeas

9  petition, see Prop. Pet. for Writ of Habeas Corpus (docket no. 1-2).  On March 5, 2025,

10 only four months ago, the Washington Supreme Court denied a petition for discretionary

11 review, see 4 Wn.3d at 1011, and the issues presented on direct appeal have been

12 exhausted.

13 In his current habeas petition, petitioner states only one ground for challenging his

14 incarceration, namely denial of counsel at a critical stage.  See Prop. Pet. for Writ of

15 Habeas Corpus (docket no. 1-2 at 6).  Petitioner contends that he was arraigned on

16 August 25, 2022, without representation by an attorney.  Id.  This issue was not raised on

17 direct appeal.  It could still, however, be timely presented to a Washington court in a

18 Personal Restraint Petition ("PRP"), and thereby be properly exhausted for purposes of

19 seeking federal habeas relief.  See RCW 10.73.090 (a collateral attack may be filed

20 within one year after a judgment becomes final).  Thus, the Court is not persuaded that

21 dismissal of this matter, as recommended in the R&R, is the appropriate approach.

22 Rather, the Court will stay this matter while petitioner pursues collateral relief in the state

23

ORDER - 2

court system. If, after petitioner completes the PRP process, he wishes to further pursue this matter, he shall file an amended petition for writ of habeas corpus, brought pursuant to 28 U.S.C. § 2254 (not 28 U.S.C. § 2241), setting forth the dates on which he filed his PRP, the Washington Court of Appeals issued its decision, and the Washington Supreme Court either denied discretionary review or issued an opinion on the merits of the PRP. In such amended petition for writ of habeas corpus, petitioner may add any other grounds raised in his PRP and any subsequent motion for discretionary review.

**Conclusion**

For the foregoing reasons, the Court ORDERS:

(1) The R&R, docket no. 6, is REJECTED, and this matter is STAYED while petitioner pursues collateral relief in the state court system. This case is REFERRED back to Chief Magistrate Judge Fricke for further proceedings, including monitoring the progress of the PRP process, issuing requests for status updates as needed, and addressing at the proper time petitioner's motion for leave to proceed in forma pauperis and his request for stand-by or appointed counsel.

(2) The Clerk is directed to send a copy of this Order to all counsel of record, petitioner pro se, and Chief Magistrate Judge Fricke.

IT IS SO ORDERED.

Dated this 3rd day of July, 2025.

Thomas S. Zilly
United States District Judge

ORDER - 3